UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FLERIDA CLADERON-PAUL SPECIAL ADMINISTRATOR FOR THE ESTATE OF BRYAN SANCHEZ-CALDERON,<br><br>    Plaintiff,<br><br>    v.<br><br>INTERFLET TRANSPORT, INC. et al.,<br><br>    Defendants. | Case No. 25-cv-00359-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on jurisdictional review, as well as two of the Plaintiff's motions—one seeking to remand this case to state court and the other seeking to amend that initial motion. (Docs. 11, 20). The central issue here is the citizenship of the Decedent, the Plaintiff's son; the Defendants allege that he was a citizen of Missouri while the Plaintiff alleges he was a citizen of the Republic of Guatemala. Though the Court **FINDS** that this case has been **PROPERLY REMOVED** and **DENIES REMAND** the briefing surrounding the issue has been irregular. The Defendants sought retention of this case in federal court, but their belief at the time of removal would have precluded removal. The Plaintiff presents facts in their filings that do not comport with the notice of removal that they believe supports remand, but the Plaintiff is mistaken.

In their initial notice of removal, the Defendants failed to allege the Decedent's citizenship; they only alleged his residency. Consequently, the Court entered an order requiring clarification. (Doc. 12). The following day, Defendant Interflet Transport and Defendant Rosas filed an amended notice of removal claiming that, because the Decedent "was a natural person

1

and resident of St. Louis County, Missouri, [pursuant to 28 U.S.C. § 1332, he was] a citizen of Missouri." (Doc. 16). In addition to claiming that the Decedent was a citizen of Missouri in their amended notice of removal, Defendants Interflet and Rosas also stated that two other Defendants—Defendant Ponce (a natural person) and Defendant Traders (a corporation)—are both citizens of Missouri. While the Court is not yet convinced that Ponce is a citizen of Missouri—a result of the Defendants once again conflating residence with domicile—the Court is satisfied that Defendant Traders, at the very least, is a citizen of Missouri. The Defendants believe that if the Decedent was a citizen of Missouri, it supports diversity. The opposite is true; if the Court were to agree that the Decedent was indeed a citizen of Missouri—as the Defendants insist—and two of the Defendants are also citizens of Missouri, there is no diversity and the Court must grant the Plaintiff's motion to remand.

While the Defendants amended their notice of removal, their amended notice suffers the same flaw as their initial notice of removal: conflating citizenship with residency. It is a basic and bedrock principle of federal civil litigation that residency is *not* citizenship. Yet, irrespective of whether the Defendants improperly conflated or confused residency with domicile in both their notices, the Defendants believed that the Decedent was a citizen of Missouri at the time of removal and also believed that Defendants Ponce and Traders were both citizens of Missouri. This raises the question of why Defendants Interflet and Roasas removed this case from state court on the grounds of diversity when they, even under their erroneous belief that residency and citizenship were equivalent, were operating under the belief that the Plaintiff and at least one of the Defendants were citizens of the same State.

Setting aside the Defendants' filings and their reasoning, the Plaintiff seeks remand but their filing states that the Decedent was not a citizen of Missouri. Rather, the Plaintiff asserts that

the Decedent was a citizen of Guatemala who was seeking asylum within the United States. The Plaintiff claims that he had a pending asylum application and, while it was pending, was living and working in Missouri. While this fact contradicts the Defendants' claims as to the Decedent's citizenship in their notices of removal, it actually cuts in favor of retaining this case.

Formerly, the citizenship of a permanent resident was considered to be the same State they are domiciled within—meaning they have moved to that State and intend to stay indefinitely. 28 U.S.C. § 1332(d) (1988) ("an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled").

However, in 2011, Congress amended § 1332(a). The text of § 1332(a) states:

> [C]ourts shall *not* have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States *and are domiciled in the same State*.

28 U.S.C. § 1332(a)(2) (emphasis added). Accordingly, under current law, "a foreign citizen admitted to the United States for permanent residence is *not* a citizen of a State, *but rather* a citizen or subject of a foreign state." *Cavalieri v. Avior Airlines, C.A.*, 25 F.4th 843, 848 (11th Cir. 2022) (per curiam) (internal quotations omitted) (emphasis added). Other courts have interpreted the new law to mean there is no diversity jurisdiction between a permanent resident alien and a non-resident alien, nor between two foreign parties. *Tagger v. Strauss Grp., Ltd.*, 951 F.3d 124, 125, 127 (2d Cir. 2020) (per curiam).

Turning to the facts of this case, there is no clear law the Court was able to identify ruling on the jurisdictional status of asylum applicants such as the Decedent. Therefore, the key jurisdictional question is whether an asylum applicant could more properly be categorized as a non-resident alien or a conditional permanent resident (given their residence depends on whether their asylum application is granted and, if granted, their asylum status may be revoked if conditions in their country of origin change). Those admitted for conditional permanent

residence are not treated any differently for jurisdictional purposes: "A conditional permanent resident is lawfully admitted for permanent residence, just on a conditional basis," *Kriley v. Northwestern Mem'l Healthcare*, 2023 U.S. App. LEXIS 1766, at *4 (7th Cir. 2024), meaning that "the rights, privileges, responsibilities and duties which apply to all other lawful permanent residents apply equally [to them]." 8 C.F.R. § 216.1 (2025). If the Decedent was a conditional permanent resident, then he was likely domiciled in Missouri and the Court would be required to remand. If the Decedent was a non-resident alien, then he was solely a citizen of Guatemala and, thus, removal was proper.

      To determine which legal category best fits an asylum applicant, the Court can examine the rights of asylum applicants under the law and compare them to the rights of conditional permanent residents. Because all rights and privileges available to permanent residents are equally available to conditional permanent residents, if the legal rights and privileges of asylum applicants *differs* from the legal rights and privileges of permanent residents, then they cannot be categorized as conditional permanent residents and, consequently, are *solely* citizens of a foreign state. Permanent residents are entitled to employment; asylum applicants, in contrast, require authorization from the Attorney General.

> An applicant for asylum is not entitled to employment authorization, but such authorization may be provided under regulation by the Attorney General. An applicant who is not otherwise eligible for employment authorization shall not be granted such authorization prior to 180 days after the date of filing of the application for asylum.

8 U.S.C. § 1158. Regardless of whether the Attorney General has promulgated regulations that would allow asylum applicants to work en masse, or provided authorization on an individual basis; the fact that an asylum applicant's right to work is subject to the discretion of the Attorney General whereas that right is not subject to the Attorney General's discretion for permanent residents, means that asylum applicants do not enjoy the same rights as permanent residents, and,

by extension, nor do asylum applicants have the same rights as conditional permanent residents. Because a conditional permanent resident's right to work and an asylum applicant's rights to work are not equal, asylum applicants are better categorized as non-resident aliens rather than conditional permanent residents.

Returning to the circumstances in this case, the Decedent was an asylum applicant from the Republic of Guatemala, living and working in Missouri. Even if the Court assumes he was provided authorization to work by the Attorney General, given that right may be revoked at the discretion of the Attorney General, the Decedent is better categorized as a non-resident alien. As a non-resident alien the Decedent was not subject to the amended provisions of 28 U.S.C. § 1332(a)(2), meaning the Decedent was *solely* a citizen of Guatemala. As none of the domestic or international defendants appear to be citizens of Guatemala, the Court finds that the parties are diverse.

However, the Plaintiffs invoke the forum-defendant rule. The forum-defendant rule precludes removing cases to federal court when one of the removing defendants is a citizen of the same state that the case was filed in prior to removal. The Plaintiff claims that, because at least one of the defendants is a citizen of Missouri, the forum-defendant rule applies. The Plaintiff is mistaken. The Plaintiff focuses on the fact that some of the defendants are citizens of Missouri and the Decedent was a resident of Missouri, but the Plaintiff did not file this action in Missouri State court; the Plaintiff filed this action in Illinois State court. Accordingly, for the forum-defendant rule to apply, one or more of the Defendants would need to be citizens of Illinois. None of the pleadings thus far have indicated that any of the Defendants are citizens of Illinois; if there are any that arise and are properly joined, then the forum-defendant rule would apply. As things stand, because no Defendants are citizens of Illinois, the forum-defendant rule is

inapplicable. Given the parties are diverse, the amount in controversy exceeds $75,000, and the forum-defendant rule does not apply; the Defendants properly invoked diversity jurisdiction.

### **CONCLUSION**

Having determined that the Decedent, Bryan Sanchez-Calderon, at the time of his passing, was solely a citizen of the Republic of Guatemala; the Court finds that the Defendants have properly invoked diversity jurisdiction and that removal was proper. Accordingly, the Plaintiff's motion to remand, (Doc. 11), and motion for leave to file an amended motion to remand, (Doc. 20), are hereby **DENIED without prejudice**. The Plaintiff may refile a motion to remand if new information comes to light or parties are properly joined indicating at least one of the parties is a citizen of Illinois or a citizen of the Republic of Guatemala.

**IT IS SO ORDERED.**
**DATED:  April 28, 2025**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**