IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FLERIDA CALDERON-PAUL, Special Administrator for the Estate of BRYAN SANCHEZ-CALEDERON,<br><br>    Plaintiff,<br><br>v.<br><br>INTERFLET TRANSPORT, INC, et al.,<br><br>    Defendants. | Case No. 3:25-cv-359-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On May 5, 2025, this case was transferred from Senior District Judge J. Phil Gilbert to the undersigned. Shortly before the case was reassigned, Judge Gilbert denied Calderon-Paul's motion to remand this case to state court (Doc. 11). (Doc. 23).

In Calederon-Paul's motion to remand, she argued that the Court lacked subject matter jurisdiction because of the forum-defendant rule. The forum-defendant rule forbids a defendant from removing a case to federal court when that defendant is both a citizen of the state where the lawsuit was filed and also a citizen of the state where the removing federal court is located.

Here, the lawsuit was filed in St. Clair County, Illinois—the same state where this Court is located. Therefore, for the forum-defendant rule to apply, at least one of the defendants must be a citizen of Illinois. From the initial notice of removal (Doc. 1), it did

not appear that any of the defendants were citizens of Illinois, making the forum-defendant rule inapplicable. As a result, the Court denied Calderon-Paul's motion to remand. (Doc. 23). That denial was without prejudice, however, and the Court stated that if evidence comes to light indicating one of the defendants was a citizen of Illinois, Calderon-Paul would be free to move for remand again.

Calderon-Paul moved for reconsideration on May 1, 2025. (Doc. 26).[1] In her motion, Calderon-Paul correctly points out that Defendant Minelab America's Federal Rule of Civil Procedure 7.1 Disclosure Statement (Doc. 22) states that their principal place of business is within the state of Illinois. This information directly contradicts the initial notice of removal which claimed that Minelab's principal place of business was in Adelaide, Australia. (Doc. 1).[2]

It also has come to the Court's attention that Interflet Transport amended their notice of removal to alter Minelab's citizenship: "Defendant Minelab is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business in Aurora, Illinois, thereby making it a citizen and domiciliary of Nevada and Illinois." (Doc. 16). Interflet Transport was ordered to file an amended notice of removal or a supplement because they had failed to properly allege the citizenship of the decedent, Bryan Sanchez-Calderon; the Court did not grant Interflet Transport leave to

---

[1] Calderon-Paul mistakenly filed two duplicate motions for reconsideration (Docs. 26, 27) on May 1, 2025. Consequently, the duplicate motion was stricken a day later. (Doc. 29). Calderon-Paul immediately filed a new motion for reconsideration (Doc. 30) that is substantially similar to the original motions.

[2] The original notice of removal states: "Defendant Minelab is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business in Adelaide, Australia, thereby making it a citizen and domiciliary of Nevada." (Doc. 1).

amend other portions of their notice of removal. Evidently, Interflet Transport's amendments were not limited to alleging Bryan Sanchez-Calderon's citizenship.

As a reminder, under Local Rule 15.1, documents that require leave of Court to file—such as amended pleadings—must be included as an exhibit to a motion for leave to amend. Additionally, "all new or amended material in a proposed amended pleading must be underlined or submitted in redlined form[, however] [m]inor spelling and stylistic changes need not be underlined." Local Rule 15.1(b)(2). It was improper for Interflet to make additional material changes without seeking the Court's leave and without following the appropriate procedure. Given the notice of removal was not redlined, and Interflet Transport did not request the Court's leave to amend their notice of removal, the Court was unaware that there were additional material changes beyond what the Court had authorized. Because Interflet Transport still argued against remand in their amended notice of removal, it is likely that Interflet Transport misunderstood the forum defendant rule—a plausible explanation as much of the focus was whether some of the parties were citizens of Missouri. While there is no indication Interflet Transport's mistake was anything but a good-faith misunderstanding, Local Rule 15.1 exists precisely to avoid the exact kind of situation that has arisen here.

Per Local Rule 7.1(b)(1)(A), an adverse party has 30 days after service of the motion to file a response to a motion to remand. While Calderon-Paul's motion for reconsideration seeks, as evident by its caption, reconsideration of the Court's denial of remand, the consequence of reconsideration would have the effect of remanding this case. As a result, the Court determined that the motion for reconsideration was subject to the

30-day response period prescribed by Rule 7.1(b)(1)(A).

Ordinarily, the Court would wait for the response period to expire before ruling—especially given that the civil disclosure statement contradicts the initial motion to remand. The Court hoped that Interflet Transport would provide an explanation for the inconsistency in their response to the motion. However, in their amended notice of removal, Interflet and Ross state that, while Minelab was served, Minelab was unaware of the notice of removal. Had Minelab been aware of the notice of removal, Minelab would have been able to correct the erroneous assertion that their principal place of business was in Australia. The amended notice of removal filed by Interflet, the civil disclosure statement filed by Minelab, and the public records evidence that Calderon-Paul has pointed to, all support the claim that Minelab had its principal place of business in the state of Illinois. The Court sees no basis to dispute Minelab's citizenship at this stage. While the Local Rules allow 30 days for the adverse party to respond, when appropriate, deviation is permissible:

> The Seventh Circuit has recently stressed the importance of compliance with Local Rules . . . [however,] Local Rules have their limitations, and like all rules, they must have sufficient flexibility and must be applied to accomplish the ends of justice . . . . For that reason, courts have broad discretion to determine how and when to enforce local rules . . . and they have the inherent authority to decide when a departure from their Local Rules should be excused . . . . An appropriate circumstance for excusing non-compliance with rules is when compliance would [be] an exercise in otiosity.

*Murata Mfg. Co. v. Bel Fuse, Inc.*, 242 F.R.D. 470, 474 (N.D. Ill. May 2, 2007) (internal citations omitted). Given the remand of this case has already been unnecessarily delayed by improper removal and a misunderstanding of local rules, the Court finds that waiting for

the full response period to expire in this case would be inefficient, cause unwarranted delay, and be an exercise in otiosity.

Defendant Minelab America's principal place of business is within the State of Illinois. As this action was initially filed in state court within St. Clair County, Illinois, the Court finds that the forum-defendant rule applies. Consequently, this Court does not have subject matter jurisdiction, and the case must be remanded.

Accordingly, the Court **GRANTS** Calderon-Paul's motion for reconsideration (Doc. 30), **VACATES** its prior order denying remand (Doc. 23), and **REMANDS** this case to state court in St. Clair County, Illinois.

**IT IS SO ORDERED.**

**DATED:** May 20, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**